## Case No. 9,747.

### MOODY v. TABER.

[1 Ban. & A. 41; [1] Holmes, 325; 5 O. G. 273.]

Circuit Court, D. Massachusetts. Feb., 1874.

PATENTS — ABDOMINAL SUPPORTERS — LICENSE—REPUDIATION BY LICENSEE—PURCHASE WITH NOTICE.

1. A patent for abdominal supporters, intended to sustain the viscera of well formed persons, will not be held void for want of novelty, upon the testimony of a physician, that, prior to the complainant's invention, he had made several supporters, of which no specimens are produced. "of the same general character," for deformed patients; each being peculiar and special in its construction, and made with a view to the particular deformity of the patient for whom it was intended.

2. A licensee who has elected to put an end to his license, and denies the validity of the patent, and refuses to recognize any title in the patentee, will not afterwards, when the validity of the patent has been sustained, be permitted to set up the license from the patentee as a defense to the action.

[Cited in Cohn v. National Rubber Co., Case No. 2,968; White v. Lee, 3 Fed. 224.]

3. One who purchases patented articles from a licensee, with knowledge of his having repudiated his contract with the patentee, will be liable for the sale of such articles. as well as for the sale of those he makes afterwards.

[Bill in equity [by Sarah A. Moody against George R. Taber] to restrain alleged infringement of reissued letters patent [No. 42,591] for improvements in corsets and abdominal supporters, granted to the complainant [May 3, 1864; reissued, No. 2,165] Jan. 30, 1866; and for an account.] [2]

T. S. Wakefield and J. B. Robb, for complainant.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hubert A. Banning. Esq., and Henry Arden, Esq., and by Jabez S. Holmes, Esq., and here compiled and reprinted by permission.]

[2] [From Holmes, 325.]

Chauncey Smith and W. W. Swan, for defendant.

SHEPLEY, Circuit Judge. Defendant is charged with the infringement of letters patent reissue numbered 2,165, granted to Sarah A. Moody, for improvements in corsets and abdominal supporters. The invention consists in certain improvements, and changes in the form and construction of corsets, to fit them to perform the function of supporting the abdomen in cases in which an artificial support is required. When adjusted according to the specifications in the patent, the operation of the improved supporters is to lift and support the abdominal viscera, transferring the strain from the abdominal muscles to the base of the spinal column and hips, and relieving the pelvic viscera from abnormal pressure. The utility of the invention is proved by the testimony of eminent surgeons, and of distinguished physicians of both sexes. The exhibits introduced to establish the fact of an anticipation of the complainant's invention fail to support the defence of want of novelty set up in the answer. The one most nearly resembling the invention of the complainant is exhibit No. 6, produced by Dr. Charles H. Spring. This, he testifies, was made for and worn by a patient of his "about five or six years since." This was after the date of complainant's invention. He says this was "of the same general character" as those made by him for the past ten or eleven years. But when we consider the fact that the witness had given special attention to diseases and deformities of the spine, and that each corset made under his direction was peculiar and special in its construction, and made with a view to the particular deformity of the patient in each case, it would not be safe to treat a patent as invalid upon testimony no more definite than that which speaks of those contrivances of an earlier date, of which no specimens are exhibited, as being of the same general character as exhibit No. 6. Some of the witnesses consider the invention described in the specification of the patent to be of the same general character as that described in the specifications of the patent to Elizabeth Adams. Yet a careful reading of the two will show that there is no similarity, much less identity, in what is claimed as invention in the two patents. Exhibit No. 6 itself is also proved to be applicable only to deformities, and, if applied to a fully developed or well-formed person, would not extend low enough to have any elevating or supporting force to counteract the pressure of the abdominal viscera. This exhibit, like all the contrivances made under Dr. Spring's direction, had for its primary function the support of an enfeebled, diseased, and deformed spine. The support given in any case to the abdominal viscera was merely auxiliary and secondary. The other exhibits offered in evidence fail to sustain this branch of the defence, for reasons clearly and fully stated in the testimony of the expert witnesses, especially in that of Dr. Newton.

Exhibits A and B, representing the corsets sold by the defendant, are clearly within the description in the complainant's patent. Without going over in detail the relations between the complainant and the defendant Taber, and also the Boston Corset Skirt Company, which was originally, and prior to the failure of the company, a licensee of the complainant, it is sufficient in this case to say, that, although the company could have availed itself of the right to sell the supporters on hand at the expiration of the contract, by paying the license fee according to the terms of the contract, the company elected to repudiate any rights or liabilities under the contract, and to determine the contract relations absolutely. This it did by its letter of October 19th, 1869, in which the company say to the complainant: "In order that there may be no misunderstanding in the future, we hereby give you notice that we understand the contract to be at an end, and we shall not therefore account to you for any profits we may derive from the manufacture and sale of abdominal supporters after October 10th, 1869."

The company could not be permitted thus to put an end to the contract, and deny the validity of the patent, and refuse to recognize any title in the patentee, and, afterwards, when the validity of the patent is sustained, to set up a license from the patentee to vend those on hand after October 19th, the date of the letter. The defendant bought the balance on hand, at the time of the failure of the company, of the corsets manufactured under the patent, with full knowledge of complainant's rights; and for the sale of these, and all made and sold by him like exhibits A and B, he must be held to have infringed, and be liable to account for the profits.

Decree for injunction and account.